UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMY L. ROSIER,

                              Plaintiff,

        v.                                                              **DECISION AND ORDER**
                                                                                 12-CV-399S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

      1.      In this action, Plaintiff Amy Rosier challenges an Administrative Law Judge's ("ALJ") determination that she was not disabled within the meaning of the Social Security Act ("the Act") from March 1, 2004 through November 23, 2007.

      2.      In 2005, Rosier filed applications for Disability Insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI") under Titles II and XVI of the Act, alleging an inability to work since March 1, 2004. The applications were denied and, at Rosier's request, a hearing was held before Administrative Law Judge ("ALJ") John P. Costello on October 15, 2007. The ALJ considered the case *de novo*, and on November 23, 2007, issued a decision denying the applications for benefits. After the Appeals Counsel denied Rosier's request for review, she filed an action in this Court challenging the Commissioner's final decision.[1] The federal court action, commenced on September 8, 2009, was assigned Docket Number 08-CV-434S.

      3.      While Rosier's federal action was pending, on July 3, 2008, she filed further

---

[1] The ALJ's October 15, 2007 decision had become the Commissioner's final decision in that case when the Appeals Council denied Plaintiff's request for review.

applications for DIB and SSI, alleging a later disability onset date of March 1, 2005. The applications were denied and, at Rosier's request, a hearing was held before ALJ Costello on August 5, 2009. By decision dated September 11, 2009, the ALJ found that *res judicata* required the dismissal of Rosier's claims to the extent they were based on the time period covered by his prior decision—*i.e.*, prior to November 23, 2007, but that she was entitled to benefits based on a disability beginning November 24, 2007.

4. Just three days prior, on September 8, 2009, this Court had issued an order remanding the Commissioner's decision on Rosier's first applications for benefits for further proceedings, stating:

> Plaintiff advances a number of challenges to the ALJ's decision, one of which is persuasive. Specifically, Plaintiff argues that the ALJ failed to consider and discuss her good employment history as part of the credibility determination.

(08-CV-434, Docket No. 17 ¶ 10.)

5. One year after this Court's decision, on September 10, 2010, the Appeals Council returned the matter to ALJ Costello. He held a further hearing on June 27, 2011, at which Rosier appeared with her attorney and testified. The ALJ observed, at the outset of the hearing, that "the only thing [the district court was] concerned with was that we didn't address in the decision the claimant's credibility based on a prior work history." (R. 549.[2]) By decision dated August 19, 2011, the ALJ addressed the credibility issue and again found that Rosier had not been under a disability from March 1, 2004 through November 23, 2007. Rosier then filed a request for review with the Appeals Council, which denied her request on February 27, 2012. She filed this current civil action on May 2, 2012, challenging the Commissioner's final decision. In her Complaint, Rosier

---

[2] Citations to the underlying administrative record are designated as "R."

acknowledges that her 2005 claims were remanded because "the ALJ had failed to consider and discuss plaintiff's good employment history as part of the credibility determination" (Docket No. 1 ¶ 19), and alleges the Commissioner's August 19, 2011 decision "is not supported by substantial evidence and/or is the result of an error of law" (*Id.* ¶ 22).

6.  The Commissioner and Rosier each filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The motions were fully briefed on April 26, 2013, at which time this Court took the matter under advisement without oral argument.

7.  Rosier now identifies "[t]he fundamental error in the present appeal [as] the ALJ's failure to give controlling weight to the treating source medical opinion of Dr. Perry [dated] June 20, 2005." (Docket No. 11-1 at 6.) In short, Rosier invokes the "treating physician's rule," which requires that an ALJ give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2)[3]; *see also* Green-Younger v. Barnhart, 335 F.3d 99 (2d Cir. 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000). The ALJ's August 19, 2011 decision states as follows:

> "I do not give controlling weight to the June 20, 2005 Medical Source Statement of Ability to do Work-Related Activities (Mental), completed by the claimant's treating physician Maureen Perry, D. O. . . ., for the reasons stated in my first decision."

(R. 317.) Rosier had challenged ALJ Costello's first decision on precisely this ground,

---

[3] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

3

claiming Dr. Perry's June 2005 statement should have been given controlling weight. This Court fully considered her claim, found it unpersuasive, and remanded solely on the ground the ALJ's credibility assessment was not sufficient. (08-CV-434, Docket No. 17 ¶ 10.)

8. *Res judicata*, including claim preclusion and issue preclusion, is a waivable defense. Fed. R. Civ. P. 8(c). Nevertheless, it may be raised *sua sponte* in appropriate circumstances, and I find its application warranted here. First, on the face of Rosier's Complaint, which acknowledges the narrow basis for remand, the Commissioner could not reasonably anticipate the need to assert a defense to an entirely different challenge that already had been decided on the merits. Doe v. Pfrommer, 148 F.3d 73, 80 (2d Cir. 1998) (while *res judicata* and similar defenses ordinarily are not recognized when not included in an answer, no absolute bar to consideration exists) (citations omitted); *see also*, Walters v. Indus. & Commer. Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2010) (though a waivable defense, courts are free to *sua sponte* raise *res judicata*). Moreover, the Supreme Court repeatedly has affirmed that "'if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised.'" Arizona v. California, 530 U.S. 392, 412, 120 S. Ct. 2304, 147 L. Ed. 2d 374 (2000) (*quoting* United States v. Sioux Nation, 448 U.S. 371, 432, 100 S. Ct. 2716, 65 L. Ed. 2d 844 (1980)).

9. Because *res judicata* applies to the only challenge Rosier asserts here, this action is barred and must be dismissed. Even were the Complaint not barred, it would fail on the merits, as the Court can discern no error in the ALJ's credibility assessment and ultimate findings.

****

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED;

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is DENIED;

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: September 19, 2013
        Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court